UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY HAWTHORNE, individually,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, a Delaware Corporation; UNIVERSAL PROTECTION SERVICE LP, a California Corporation, d/b/a ALLIED UNIVERSAL SECURITY SERVICE; and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | NO.<br><br>COMPLAINT<br><br>Demand for Jury Trial |

Plaintiff Holly Hawthorne, by and through her attorneys Darrell L. Cochran and Alexander G. Dietz, of Pfau Cochran Vertetis Amala, PLLC, and Hugh J. McGavick of The Law Offices of Hugh J. McGavick, alleges as follows:

## I.　　INTRODUCTION

1.1　　This case involves the toxic chemical poisoning of Plaintiff by Defendants while she was working for Defendant Universal Protection Service LP as a security official in a



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

warehouse owned and operated by Defendant The Boeing Company in which multiple hazardous chemicals were used.

1.2     The claims brought against Defendant Universal Protection Service LP are brought pursuant to the exception to the Washington Industrial Insurance Act's general prohibition against lawsuits against a direct employer identified in *Birklid v. Boeing Co.*, 127 Wn.2d 853, 904 P.2d 278 (1995) and RCW 51.24.020.

## II.     IDENTIFICATION OF PLAINTIFFS

2.1     At all times material hereto, Plaintiff Holly Hawthorne was an employee of Defendant Universal Protection Service LP.  Plaintiff worked at The Boeing Company's airplane manufacturing and assembly facility in Everett, Washington, at all times material hereto.  Plaintiff Holly Hawthorne currently resides in Las Vegas, Nevada.

## III.     IDENTIFICATION OF DEFENDANTS

3.1     Defendant The Boeing Company ("Boeing") is a for-profit corporation organized under the laws of the State of Delaware and duly licensed to do business in the State of Washington.  At all times relevant, Boeing did business in King County, Washington, and owned and operated a facility in Everett, Washington, used for the manufacture and assembly of airplanes.

3.2     Upon information and belief, Defendant Universal Protection Service LP d/b/a Allied Universal Security Service ("Universal") is a for-profit corporation organized under the laws of the State of California and is duly licensed to do business in the State of Washington. Defendant Universal is in the business of providing on site security services, including providing security officers and personnel.  At all times material hereto, Defendant Universal

COMPLAINT FOR DAMAGES
Page 2 of 11



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

and its employees and agents provided security services to Defendant Boeing at its facility in Everett, Washington.

3.3     At all times material hereto, John and Jane Does 1 through 50 were employees, agents and/or ostensible agents of the defendants Boeing and/or Universal.

## IV.     JURISDICTION AND VENUE

4.1     <u>Jurisdiction</u>.  Subject matter jurisdiction is predicated on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  At least one Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00.

4.2     <u>Venue</u>. Venue is proper in this Court under 28 U.S.C. § 1391(1)(b), since all defendants reside, or resided, in this district, and the events giving rise to this action occurred in this district, in Snohomish County.

## V.     FACTS

5.1     Plaintiff Holly Hawthorne began working as a security officer for Defendant Universal in July 2018. In November of 2019, Ms. Hawthorne was assigned to work on the Boeing Account, specifically at Defendant Boeing's facilities at 8415 Paine Field Blvd in Everett, WA.  Ms. Hawthorne was regularly assigned to work in Building 45-335 at Boeing's Everett campus in the months of November and December of 2019.  Upon information and belief, at all relevant times, building 45-335 contained no adequate ventilation systems.

5.2     On information and belief, Boeing employees used aerosolized chemical sprays, including Corrosion Inhibiting Compounds, inside of building 45-335 on multiple occasions in November and December of 2019.



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

5.3    At no time prior to the use of aerosolized chemical sprays did any representative, agent, or employee of Defendants Boeing or Universal provide Plaintiff Hawthorne with notice of the use of aerosolized chemical sprays, nor did they provide her with material safety data sheets or personal protective equipment.

5.4    Upon information and belief, during the course of her employment and as required by Universal and Boeing, Plaintiff Hawthorne was repeatedly exposed to numerous toxic chemicals, including, but not limited to, CORBAN-35 and Chromium (VI) Oxide, also known as Chromic acid, while working in Building 45-335.

5.5    CORBAN-35 is a chemical manufactured by Zip-Chem Products and is a corrosion-inhibitor. The material safety data sheet for this chemical advises that exposure to this chemical may result in the following symptoms:

```
SIGNS, SYMPTOMS AND EFFECTS OF EXPOSURE
   INHALATION
        ACUTE:  Nausea or dizziness may occur from breathing high concentrations.
        CHRONIC: Breathing extremely high concentrations of the vapors may lead to anesthetic effects such
                 as dizziness, headache, or nausea. Prolonged exposure to extremely high concentrations of vapor
                 may lead to narcosis, cardiac irregularities, unconsciousness or death from displacement of air as
                 vapors from this product are heavier than air.
   SKIN
                ACUTE:  May cause irritation or burning sensation.
                CHRONIC: Prolonged or repeated contact may cause dermatitis, exercise due care.
   EYE
                 May cause irritation.
   INGESTION
        ACUTE:  May cause nausea or vomiting.
        CHRONIC:  If large quantities are swallowed, do not induce vomiting as it might cause aspiration of
                  vomitus into the lungs. Take to a physician immediately.
```

5.6  Chromium (VI) Oxide is a chemical manufactured by Fisher Scientific and is used in chrome plating and is also a corrosion-inhibitor. The material safety data sheet for this chemical advises that exposure to this chemical may result in the following symptoms:

COMPLAINT FOR DAMAGES
Page 4 of 11


PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**Appearance:** dark red to purple solid.
**Danger!** Toxic if swallowed, inhaled or absorbed through the skin. Strong oxidizer. Contact with other material may cause a fire. Causes burns by all exposure routes. May cause allergic respiratory and skin reaction. Harmful if swallowed. Toxic to aquatic organisms, may cause long-term adverse effects in the aquatic environment. Cancer hazard. Possible risk of impaired fertility. May cause heritable genetic damage.
**Target Organs:** Blood, kidneys, liver, lungs, respiratory system, gastrointestinal system, eyes, skin, mucous membranes.

**Potential Health Effects**
**Eye:** Causes severe eye burns. May cause irreversible eye injury. Causes redness and pain. May cause permanent corneal opacification.
**Skin:** Harmful if absorbed through the skin. Causes skin burns. May cause skin sensitization, an allergic reaction, which becomes evident upon re-exposure to this material. May cause deep, penetrating ulcers of the skin. Causes redness and pain. Chronic exposure to water insoluble hexavalent chromium compounds has been shown to be associated with lung cancer and gastrointestinal tract tumors. Substance is readily absorbed through the skin.
**Ingestion:** Harmful if swallowed. May cause severe and permanent damage to the digestive tract. Causes gastrointestinal tract burns. May cause liver and kidney damage. Exposure may cause anemia and other blood abnormalities. May cause cyanosis (bluish discoloration of skin due to deficient oxygenation of the blood). May cause systemic effects.
**Inhalation:** May cause irritation of the respiratory tract with burning pain in the nose and throat, coughing, wheezing, shortness of breath and pulmonary edema. May cause asthmatic attacks due to allergic sensitization of the respiratory tract. Causes chemical burns to the respiratory tract. Inhalation may be fatal as a result of spasm, inflammation, edema of the larynx and bronchi, chemical pneumonitis and pulmonary edema. Prolonged exposure to dusts, vapors, or mists may result in the perforation of the nasal septum. May cause systemic effects.
**Chronic:** Prolonged or repeated inhalation may cause nosebleeds, nasal congestion, erosion of the teeth, perforation of the nasal septum, chest pain and bronchitis. Prolonged or repeated eye contact may cause conjunctivitis. Prolonged or repeated skin contact may cause sensitization dermatitis and possible destruction and/or ulceration. Chronic ingestion may cause effects similar to those of acute ingestion. May cause liver and kidney damage. Chronic exposure to water insoluble hexavalent chromium compounds has been shown to be associated with lung cancer and gastrointestinal tract tumors. Adverse reproductive effects have been reported in animals. Possible risk of harm to the unborn child. Confirmed Human Carcinogen. May impair fertility.

5.7    Plaintiff was not provided with the material safety data sheets, nor with any information contained therein regarding CORBAN-35 or Chromium (VI) Oxide prior to being exposed to these chemicals.

5.8    Upon information and belief, Defendants Boeing and Universal had actual knowledge that injury was certain to result from unprotected exposure to the aerosolized chemical sprays, including CORBAN-35 and Chromium (VI) Oxide, used in the unventilated Building 45-335. On information and belief, on prior occasions, Universal had specifically permitted other employees who had been assigned to work in Building 45-335 to request

COMPLAINT FOR DAMAGES
Page 5 of 11



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

reassignment and to refuse to work in Building 45-335 because those employees were being harmed, or feared being harmed, by the use of toxic chemicals in the building.

5.9     Despite this knowledge that harmful toxic chemicals were used and were harming Universal's employees in Building 45-335, Universal and Boeing nevertheless failed to inform Plaintiff that harmful toxic chemicals were used in Building 45-335 while she worked in the building, failed to provide Plaintiffs with any material safety data sheets for toxic chemicals to which Plaintiff was exposed, failed to provide Plaintiffs with necessary personal protective equipment, and failed to provide adequate ventilation in Building 45-335.  Upon information and belief, Universal deliberately exposed its employees, including Plaintiff, to chemicals in Building 45-335 that it knew would harm them in order to keep its contract with Boeing.

5.10    As a result of the misconduct and unlawful acts described above, Plaintiff Holly Hawthorne has suffered, and continues to suffer, general and special damages, including, negligent infliction of emotional distress, mental anguish, emotional, physical and mental pain and suffering, past medical expenses, attorneys' fees and costs, and other general and special damages.

## VI.     OUTRAGE

### As to Defendants Boeing and Universal

6.1     Plaintiff incorporates by reference all paragraphs and allegations set forth above as if fully set forth herein.

6.2     The conduct of Boeing and Universal respecting plaintiffs was so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

6.3     Upon information and belief, such conduct includes, but is not limited to, the following intentional acts and conspiracies to act: (i) intentionally altering test conditions in the workplace during testing, including testing by government agencies, to improve test results and to disguise potential harm to workers from exposure to toxic substances; (ii) willfully disregarding actual knowledge that exposure to toxic chemicals, including Corban-35 and Chromium (VI) Oxide, without proper ventilation and personal protective equipment would harm exposed employees working in Building 45-335; (iii) intentional exposure of workers to chemicals, including Corban-35 and Chromium (VI) Oxide, under workplace conditions which were certain to result in their injury; (iv) systematically and intentionally withholding information regarding the toxic effects of Corban-35, Chromium (VI) Oxide, and other toxic chemicals in use at Building 45-335, including by, in violation of Federal law, not making Material Safety Data Sheets available; refusal to undertake any reasonable accommodation to employees suffering from the effects of toxic chemical exposures and refusal to make available alternative employment assignments to those suffering from sensitivity to chemicals in contravention of the Washington State Laws against discrimination on account of disability, including Chapter 49.60 RCW.

6.4     Boeing and Universal have intentionally inflicted severe emotional distress on Plaintiff due to its extreme and outrageous conduct.  Plaintiff has sustained physical and psychological injury, pain and suffering, disability, medical expenses, wage loss, and other economic and non-economic loss, proximately caused by the outrageous, intentional and reckless acts of Boeing and intentional acts of Universal for which damages Plaintiff seeks compensation in an amount to be determined at trial.



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

6.5    Plaintiff brings this claim against Universal under the exception to Title 51 RCW's prohibition against employees bringing suit against their direct employers set forth in *Birklid v. Boeing Co.*, 127 Wn.2d 853, 904 P.2d 278 (1995). The egregious and intentional exposure of Plaintiff to chemical hazards in Building 45-335 for months, which, upon information and belief, Universal knew was certain to cause injury, will establish deliberate intention to injure Plaintiff, authorizing this claim under Washington law.

### VII.    NEGLIGENCE

### As to Defendant Boeing

7.1    Based on the paragraphs set forth and alleged above, Defendant Boeing's conduct constituted all forms of common law negligence, or alternatively gross negligence, including the negligent acts of exposing Plaintiff to toxic chemicals, failing to provide adequate ventilation and personal protective equipment to Plaintiff, and unlawfully failing to provide Plaintiff with material safety data sheets regarding the toxic substances used in Building 45-335, and Boeing is liable for damages proximately caused by its negligent, or alternatively, grossly negligent, acts and omissions as provided in more detail above.

### VIII.    DELIBERATE INJURY UNDER RCW 51.24.020

### As to Defendant Universal

8.1    Plaintiff incorporates by reference all paragraphs and allegations set forth above as if fully set forth herein.

8.2    Upon information and belief, Universal has long known that direct and repeated exposure to the chemicals used in Building 45-335 is certain to cause health problems.

8.3    Upon information and belief, Universal willfully disregarded and ignored that knowledge and ordered Plaintiff to work in Building 45-335 for months without appropriate



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

personal protective equipment, without informing her of the risk of exposure to toxic chemicals and their harmful effects, and without requiring proper ventilation be installed in the building to protect Plaintiff.

8.4    Plaintiff suffered injuries as a result of her exposure to toxic chemicals, including Corban-35, which occurred, upon information and belief, as a result of Universal willfully disregarding its certain knowledge that Plaintiff would suffer such injuries. Under *Boeing v. Birklid* and RCW 51.24.020, Universal is liable for Plaintiff's resulting injuries.

### IX.    WASHINGTON LAW AGAINST DISCRIMINATION

#### As to Defendant Universal

9.1    Based on the paragraphs set forth and alleged above Plaintiff was a member of a protected class, by virtue of disability arising from her suffering from sensitivity to toxic chemicals, who was, at all times relevant, employed by Universal and assigned to work in Boeing facilities, including Boeing's building 45-335, when Defendant Universal, and/or its agents or employees, committed acts that directly or indirectly resulted in distinction, restriction, and/or discrimination of Plaintiff by treating her in a manner different to the treatment provided to persons outside the Plaintiff's protected class, including but not limited to discrimination in the terms or conditions of Plaintiff's employment, and such violative acts were objectively discriminatory and subjectively perceived as discriminatory by Plaintiff, and the protected status was a substantial factor that caused the distinctive, restrictive, and/or discriminatory treatment by Defendant and/or its agents or employees, all of which was contrary to the laws of Washington as set forth under RCW 49.60 et seq., and all of which proximately caused Plaintiff to suffer damages.



9.2     Based on the paragraphs set forth and alleged above, Universal engaged in unfair practices when it had actual knowledge of the toxic chemicals to which it exposed Plaintiff, that injury was certain to occur, and that Plaintiff was suffering as a result of sensitivity to the toxic chemicals to which she was exposed by Universal, but refused to provide Plaintiff with reasonable accommodations, such as providing appropriate personal protective equipment, or alternative employment conditions.  At all times relevant Plaintiff had a reasonable expectation to be free from exposure to toxic chemicals.

## X.     PRAYER FOR RELIEF

10.1    Plaintiff prays for judgment against the Defendants for the general and special damages incurred, and that continue to incur, as described more fully herein, including reasonable attorneys' fees and costs.

10.2    Plaintiff further prays for any other damages and equitable relief the Court or the jury deems appropriate under the circumstances.

10.3    Plaintiff specifically reserves the right to pursue additional causes of action, other than those specifically outlined above, that are supported by the facts pleaded herein or that may be supported by other facts that are developed during discovery.

Dated this 7th day of April, 2022.

PFAU COCHRAN VERTETIS AMALA PLLC


By /s/ Darrell L. Cochran
    Darrell L. Cochran, WSBA No. 22851
    Alexander G. Dietz, WSBA No. 54842
    Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES
Page 10 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1  
2  
3  
4  
5  

LAW OFFICES OF HUGH J. MCGAVICK, PS


By /s/ Hugh J. McGavick
    Hugh J. McGavick, WSBA No.
    Attorney for Plaintiff

COMPLAINT FOR DAMAGES
Page 11 of 11

